IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 07-737-2 |
| v. | : | |
| | : | |
| JAMAL TURNQUEST. | : | |
| | : | |
| | : | |

**ORDER**

**AND NOW**, this **10th** day of **February, 2021,** upon consideration of Defendant's Motion for Compassionate Release and the Government's Response thereto, it is hereby **ORDERED** that Defendant's Motion (ECF No. 1073) is **DENIED.**[1]

---

[1] Defendant moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), which permits defendants to move the Court for a reduction of a sentence for "extraordinary and compelling" reasons. Defendant argues, inter alia, that the recent outbreak of COVID-19 at FCI Fort Dix provides an extraordinarily and compelling basis for sentence reduction. He also argues the Court should reduce his sentence in light of Amendment 782 to the Sentencing Guidelines.

In this case, no extraordinary and compelling basis exists for granting compassionate release. Defendant has no medical issues placing him at an increased risk of an adverse outcome from COVID-19. He tested positive for the coronavirus in mid-December 2020 but, as of late December, remained asymptomatic. Defendant's remaining arguments, including that his good time credit has been inaccurately calculated and that his actions evince rehabilitation, do not constitute an extraordinary and compelling basis for his release.

Further, Defendant is ineligible for a reduction in his current sentence under Amendment 782 because his sentence falls below the bottom of the amended range. See 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(b)(2)(A).

But even if the Court were to assume that reasons exist for granting Defendant's motion, the motion is nonetheless denied because the 18 U.S.C. § 3553(a) factors weigh against granting it. The Court must consider those factors before granting a motion for a sentence reduction under the compassionate release provision or Amendment 782. See 18 U.S.C. § 3582(c)(1)(A); id. § 3582(c)(2).

**AND IT IS SO ORDERED.**

                          */s/ Eduardo C. Robreno*
                          **EDUARDO C. ROBRENO, J.**

---

Not every § 3553(a) factor is applicable in the compassionate release context. United States v. Rodriguez, No. 03-cr-00271, 2020 WL 1627331, at *11 (E.D. Pa. Apr. 1, 2020). The § 3553(a) factors applicable to sentence reductions are (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; . . . to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; and . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;" and (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Id. at *11–12 (quoting 18 U.S.C. § 3553(a)).

The § 3553(a) factors do not warrant granting Defendant's motion. Defendant was convicted of conspiracy to distribute five kilograms or more of cocaine and fifty grams or more of crack cocaine related to his role in a large-scale drug distribution organization. Although Defendant's advisory guideline range was life imprisonment, the Court sentenced him to 264 months' imprisonment. According to the Government, his projected release date is August 8, 2030. Release from his sentence at this point would not protect the public from further crimes of the Defendant, see 18 U.S.C. § 3553(a)(2)(C), or reflect the seriousness of the underlying crimes, see id. § 3553(a)(2)(A).

For these reasons, the Court will deny Defendant's Motion for Compassionate Release.